28078. STALLING v. THE STATE.

INGRAM, Justice. In this appeal, the appellant, an indigent prisoner in the State Penitentiary, contests the dismissal of his petition for mandamus filed in Floyd Superior Court in which an order was sought compelling the clerk of the court to furnish to him a copy of the record and transcript of trial proceedings in which he was a party. The petition does not indicate the trial proceedings of which he sought a copy nor was there disclosed whether the materials were necessary in prosecuting an appeal then pending in the appellate courts, or whether they related to prior appellate proceedings.

However, this court can take notice of the previous appeal of the appellant in this court. That appeal was from the denial by the

Superior Court of Butts County of habeas corpus relief sought by the appellant on a pro se petition alleging he was denied effective assistance of counsel at his earlier criminal trial in the Superior Court of Floyd County. Appellant was convicted by a jury on November 16, 1971, of two offenses of burglary and on several theft charges from which he did not appeal. The trial court conducted a full hearing on the habeas corpus petition and, after hearing evidence, found, inter alia, that the appellant's court appointed attorney had "conducted a very adequate investigation and very capably and properly represented the petitioner at the trial of this case." The relief sought by appellant in the habeas corpus case was, therefore, denied by the trial court. Thereafter, appellant appealed the judgment of the trial court to this court where the record was reviewed and the trial court was affirmed with all the Justices concurring. *Stalling v. Ault,* 229 Ga. 715 (194 SE2d 110) (1972).

Although it would have been better practice for the trial court to conduct a hearing on this petition for mandamus, it is evident from the record on the previous appeal to this court that no harm was done in this instance by the dismissal for failure to state a claim, without a hearing, of the petition for mandamus brought against the Clerk of the Superior Court of Floyd County. An indigent, on appeal, is entitled as a matter of right to a free copy of the transcript of trial court proceedings in which he has been a party. Griffin v. Illinois, 351 U. S. 12 (76 SC 585, 100 LE 891, 55 ALR2d 1055) (1955). This duty does not arise, however, in the circumstances of a case such as this one where the original criminal trial proceedings have been adequately reviewed in habeas corpus proceedings brought by the appellant and affirmed by this court.

We also note that the appeal docket of this court does not reflect the pendency of any case, excepting this one, in which the appellant is a party. For the reasons stated, the judgment of the trial court in this case is affirmed.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs specially, and Gunter, J., who dissents.*

SUBMITTED JULY 13, 1973 — DECIDED SEPTEMBER 6, 1973.

Charles Ross Stalling, *pro se.*