## 64122. HALL v. THE STATE.

DEEN, Presiding Judge.

Joe R. "Bud" Hall appeals from his conviction of burglary following the denial of his motion for a new trial.

1. Appellant first contends that he was denied effective assistance of counsel. He claims he informed counsel of witnesses who could testify as to his alibi, that trial counsel never filed any pretrial motions or requests to charge even though an accomplice was involved and the case consisted primarily of circumstantial evidence, and that counsel failed to make an objection or move for a mistrial after his character was placed in evidence.

The constitutional right to effective assistance of counsel means " 'not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.' " *Hawes v. State,* 240 Ga. 327, 329 (240 SE2d 833) (1977). In determining reasonably effective assistance of counsel, the critical factual inquiry relates to whether a defense was not presented, the sufficiency of counsel's consultation with the defendant and the adequacy of the investigation into the facts and the law and whether the errors alleged resulted from inadequate trial preparation rather than from unwise choices of strategy and trial tactics. *Id.* " '... The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.' " *Reid v. State,* 235 Ga. 378, 379 (219 SE2d 740) (1975).

Applying the above standards to the present case, we cannot say that appellant was denied his constitutional right to effective

assistance of counsel at trial. Counsel has had many years of experience in trying criminal cases and was assisted by her partner, a young attorney who was recently admitted to the bar. At the hearing on appellant's motion for a new trial, the evidence showed that he conferred with counsel at least three times prior to trial, that counsel made several attempts to contact him and was unable to do so and he failed to keep an appointment. Counsel testified that she met with his mother and sisters in an attempt to investigate his case, and that during her meetings with the defendant his rights and defenses were discussed and she was not informed of a possible alibi or the existence of alibi witnesses. At the hearing, the defendant claimed that he possessed documents to prove his truck was in the shop and that he was driving a rental car on the date of the burglary. However, he did not produce the documents at either the original hearing or later when the hearing was resumed for the attorney's testimony. (Four of the state's witnesses testified that he was driving a pickup truck, not a car, on the date of the burglary.) Trial counsel also testified that she made several trips to Willacoochee to investigate the case, talked with various people who knew about the case as well as one of the state's witnesses, and researched the issues raised in the case. She testified that her research indicated that no pretrial motions needed to be filed and that she had been furnished with a copy of the indictment and a list of the witnesses by the district attorney's office.

As to the question which the appellant claims placed his character in issue, the witness (his alleged accomplice) was asked by the district attorney: "Tell the jury whether or not y'all were partners." He replied: "Well, we have been in a thing or two before." The answer was obviously not responsive to the question and did not necessarily indicate prior criminal activity. Failure to object to this response constitutes a trial tactic as trial counsel may feel it better strategy not to draw the jury's attention to an unresponsive question. As for failure to request instructions, appellant does not contend that a full and adequate charge was not given by the court and thus fails to show how he was harmed. The record shows that counsel aggressively defended her client by conducting a thorough cross-examination and made many timely objections. Counsel testified that based upon the information supplied by her client, his mother and his sisters, she decided not to put up witnesses in order to reserve for herself the concluding argument. This decision was purely tactical and cannot be faulted under the holding in *Reid v. State,* supra. The fact that appellant's present counsel disagrees with the trial tactics used by trial counsel and would have handled the case differently does not require a finding that trial counsel's representation of appellant denied him effective assistance of counsel. *Berryhill v. Ricketts,* 242

Ga. 447 (249 SE2d 197) (1978). Therefore, we find that the trial court did not err in finding there was no evidence that appellant did not receive competent legal assistance at trial and finding that he received a fair trial.

2. In his second enumeration of error, appellant contends that the evidence failed to show that he had the requisite intent to commit the crime with which he was charged.

Under Code § 26-605, "Intention is a question of fact. A person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted."

The evidence showed that the appellant approached the accomplice about making some money and the accomplice suggested stealing the victim's guns. A neighbor of the victim saw the appellant driving his truck near the victim's home shortly before the robbery was reported and noticed another man in the vehicle duck his head in the truck before they passed his home, then sit up after it passed his house. Appellant's testimony that he did not know where the victim lived, that he had not seen the accomplice on the morning of the crime, and that he did not have his pickup truck that day was impeached. There was ample evidence from which a rational trier of fact could find that he was guilty beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

3. In this enumeration of error, appellant claims that the verdict was not supported by the evidence because there was no corroboration of the accomplice's testimony. The victim's neighbor testified that he saw the appellant pass his home in a pickup truck with another man on the morning of the burglary, the accomplice's wife testified that Hall picked up her husband at their home, the victim and a deputy sheriff testified as to seeing tire tracks on the dirt road where the accomplice claimed that the truck had stopped and that they saw footprints leading from the tracks to the victim's house. A justice of the peace and the victim both testified that they saw the defendant driving a late model Ford pickup truck on the date in question.

Corroborating evidence is required to sustain a felony conviction based upon the testimony of an accomplice and must be more than to cast on the defendant a grave suspicion of guilt. However, the corroborating evidence need not be sufficient to warrant a conviction, slight evidence identifying the accused as a participant in the crime is sufficient to support the verdict. *Gunter v. State,* 243 Ga. 651, 655 (256 SE2d 341) (1979). Sufficiency of the corroboration of the accomplice's testimony is for the jury. If some

evidence of corroboration exists, this court will uphold the verdict. *Felix v. State,* 143 Ga. App. 376 (238 SE2d 734) (1977). As the accomplice's testimony was corroborated, this enumeration is without merit.

4. Appellant also filed a "Motion for Leave Prior to Argument to Present to the Court an Issue Which was Not Part of the Trial but is Related in that the Trial Court has ordered the Criminal Indigent Defendant to Pay (A) For Court Reporters Fees, and (B) For Transcript of Motion for New Trial." This court granted the appellant's motion, although the time for filing an amendment to the enumeration of errors had run at the time this motion was filed, Code Ann. § 24-3627 (Court of Appeals Rule 27 (a)), and this court permitted argument on this issue because of the fundamental right to a free transcript on appeal by an indigent defendant. In *Wade v. State,* 231 Ga. 131, 133 (200 SE2d 271) (1973), the Supreme Court held that "Code Ann. § 6-805 (a) provides that in all felony cases, the transcript of evidence and proceedings shall be reported and prepared as provided in Code § 27-2401. Code § 27-2401 provides that in the event of the jury returning a verdict of guilty in a felony case, the testimony shall be entered on the minutes of the court or in a book to be kept for that purpose." See also *State v. Hart,* 246 Ga. 212 (271 SE2d 133) (1980). The motion for a new trial is a part of the "proceedings" as contemplated by Code Ann. § 27-2401. In the present case, it was at the hearing on this motion where evidence of trial counsel's competency was established. It is well established that in felony cases an indigent defendant (in this case indigency is claimed only on appeal) has a basic right to a free transcript to perfect a timely appeal. *Mydell v. Clerk, Superior Court of Chatham County,* 241 Ga. 24 (243 SE2d 72) (1978). In the present case, the trial court after hearing the defendant's request for a transcript did not determine whether or not the defendant was truly indigent as claimed and make its ruling. Where a non-indigent criminal case is appealed, appellant is responsible for paying court reporting fees for preparation of transcript of evidence. Op. Atty. Gen. U 79-15. Therefore, we must order the trial court to hold a hearing to determine whether the defendant is an indigent and entitled to a free transcript.

*Judgment affirmed in part and case remanded with direction. Sognier and Pope, JJ., concur.*

DECIDED JUNE 24, 1982.

*Jack J. Helms, Willis H. Blacknall III,* for appellant.
*Vickers Neugent, District Attorney, Robert B. Ellis, Jr., Lew S.*

*Barrow, Assistant District Attorneys,* for appellee.