A98A0073, A98A0074. CARTER v. THE STATE (two cases).

(497 SE2d 812)

ELDRIDGE, Judge.

This Fayette County case arose as a part of a lengthy, ongoing dispute between appellant Anthony Carter and a neighbor, Lester Walden, which dispute was, apparently, referred to locally as the "Carter/Walden feud." In this instance, a jury found appellant Carter guilty of misdemeanor criminal trespass for piling dirt against Walden's fence, thereby causing damage to the fence and to Walden's property.[1] In addition to the above conviction, appellant, who represented himself at trial, ignored numerous warnings by the trial court and repeatedly cast aspersions upon Lester Walden during his cross-examination of Walden, thereby engendering another conviction for criminal contempt of court. Pro se, Carter appeals both convictions. We affirm both.

## Case No. A98A0074: Criminal Trespass

1. Upon arrest and prior to the presentment of the accusation charging him with criminal trespass, appellant filed a pro se demand for speedy trial. He claims he was denied his speedy trial rights. We disagree. To the extent that appellant's pro se contentions encompass such right pursuant to OCGA § 17-7-170 (a), the demand was not filed timely. A demand for speedy trial pursuant to the provisions of this section may not be made until an indictment has been returned or an accusation preferred. *State v. Black*, 213 Ga. App. 331, 332 (444 SE2d 368) (1994), rev'd on other grounds in *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712 (470 SE2d 659) (1996). To the extent that appellant's contentions raise a constitutional claim, appellant has failed to demonstrate how the 18-month period between his arrest and trial resulted in any impairment of appellant's defense. *Barker v. Wingo*, 407 U. S. 514, 515 (92 SC 2182, 33 LE2d 101) (1972); *State v. Auerswald*, 198 Ga. App. 183, 184 (401 SE2d 27) (1990).

2. Next appellant contends that this case should have been dismissed as res judicata because the same issues had allegedly been raised in a prior civil case filed in the Superior Court of Fayette County, Civil Action No. 91V-0481. Because of the different standards of proof, the "judgment in a civil action is not admissible in a criminal action to prove any fact determined in the civil action." *Flynt v. State*, 153 Ga. App. 232, 243 (264 SE2d 669) (1980). Further, no final judgment in the prior civil case was introduced, thereby precluding the application of the doctrine of res judicata or collateral

---

[1] Appellant Carter had previously filed a civil suit against Walden for doing the same thing to appellant's property.

estoppel under OCGA § 9-12-40. *Quinn v. State*, 221 Ga. App. 399 (471 SE2d 337) (1996).[2]

3. There was no error in the trial court's refusal to allow the appellant, following the guilty verdict, to "poll" the jury by asking them: (1) if they had "made a decision [based] on the Carter — Walden fued [sic] going on in local papers for about 7 years"; and (2) if they "felt sorry for Lester Walden and did not go by evidence presented to them." A defendant's right to poll a jury following the verdict does not encompass questioning which attempts to impeach the verdict. See, e.g., OCGA § 17-9-41.

4. Next appellant contends that he was hampered in presenting his defense because he was intimidated by the trial court. We have reviewed the record in the instant case. The only factor that could possibly be considered "intimidating" was the trial court's appropriate attempts to require appellant to comply with rules of evidence and procedure, which task appellant willingly undertook when he decided to represent himself. Further, if appellant was "intimidated" by the trial court, such was not apparent by his conduct during the presentation of his defense, and appellant has failed to show any harm resulting from his alleged "intimidation." "Both error and harm must be shown affirmatively by the record to authorize a reversal on appeal. [Cit.]" *Robinson v. State*, 212 Ga. App. 613, 616 (2) (442 SE2d 901) (1994).

5. The trial court did not err in denying appellant's motion for directed verdict. The state introduced numerous pictures taken by Walden which showed appellant using a tractor to push dirt and debris up against the combination of hog wire and chain link fence that separated their common boundary line. In addition, Lester Walden testified that he had his property surveyed three times, and that the fence was on his property; that appellant, without consent, continually piled dirt up to and over the fence, which caused damage to the fence and the property on the other side; and that appellant's acts were in retaliation for other benign acts committed by Walden.

Appellant, on the other hand, testified that the fence may have been on the property line originally, but rainwater had pushed the fence over onto his land; that since the fence was on his land, he could rightfully push his own dirt up against his own fence if he chose to do so; and that Walden filed these charges in retaliation for other benign acts committed by appellant.

" 'It is the province of the jury, and theirs alone, when considering conflicting evidence and statements of defendant[ ], to decide

---

[2] Moreover, the civil doctrines of "res judicata" and "collateral estoppel" have no real application to a criminal case. The proper, analogous bar in a criminal prosecution is under the principle of "double jeopardy," which is clearly not applicable under the facts of this case.

what evidence to believe or disbelieve.' [Cit.]" *Crews v. State*, 133 Ga. App. 764, 765 (213 SE2d 34) (1975). Further, "the intent with which an act is done is peculiarly a question of fact for determination by the jury." *Brown v. State*, 174 Ga. App. 913 (331 SE2d 891) (1985). There was no error.

6. Appellant next contends that the deputy who investigated Walden's complaint and the magistrate who issued the arrest warrant "were bias [sic] and lied in Court," because both allegedly testified that Walden's allegations against appellant were investigated *before* appellant's arrest. Appellant contends that "Court Records show incident was investigated 30 days after arrest. Court records were falsified by adding a date to original Sept. Stamp." It appears to this Court that the date on which Walden's allegations were "investigated" does not impact on the validity of the investigation. Nor does it impact on the jury's credibility determination regarding the "swearing contest" of conflicting testimony presented by appellant and Walden as to the essential elements of the crime for which appellant was convicted. However, that aside, appellant has made no effort to identify the allegedly biased and false testimony of the deputy and the magistrate by page reference to the transcript; he has not identified on what basis he claims court records were falsified; he presents no legal argument other than bare contentions; and he presents no *relevant* citations of authority. This claim of error is abandoned. Court of Appeals Rule 27 (c) (2) and (3) (i); *Elrod v. State*, 195 Ga. App. 571 (394 SE2d 548) (1990).

7. Contrary to appellant's claim of error, the failure to establish the *exact* value of the damage done to Walden's property and the trial court's failure to order restitution were not cause for a new trial. The evidence established the essential elements of the offense.[3] OCGA § 16-7-21 (a); *Matthews v. State*, 224 Ga. App. 407 (481 SE2d 235) (1997).

8. Appellant claims as error the trial court's failure to charge the jury that the exact amount of damage must be determined. As appellant failed to reserve objections to the jury charge, we will not consider this contention. *Sims v. State*, 266 Ga. 417, 418 (467 SE2d 574) (1996).

9. Appellant asserts that the trial court erred in refusing to grant a change of venue. Appellant failed to raise this issue at trial. (Further, appellant, again, offers no argument in support of a change of venue, cites no relevant authority in support thereof, and asserts only bare contentions.) "Failure to object in the trial court leaves

---

[3] Testimony and photographic evidence placed the cost of the damage to Walden's property between $280 and $500.

nothing for this court to review on appeal. [Cits.]" (Punctuation omitted.) *James v. Tyler*, 215 Ga. App. 479, 480 (451 SE2d 506) (1994). Therefore, appellant failed to preserve this issue for consideration by this Court.

10. Appellant was sentenced to twelve months, six months to serve and six months probated, with a $1,000 fine. Such sentence was within the statutory limits provided for misdemeanor punishment, OCGA § 17-10-3 (a), and appellant's complaint that the "punishment does not fit the crime" is meritless.

11. Appellant correctly claims that there is a fundamental right to a free transcript on appeal — for an *indigent* defendant. *Stalling v. State*, 231 Ga. 37 (200 SE2d 121) (1973); *Hall v. State*, 162 Ga. App. 713 (293 SE2d 862) (1982). Appellant has not claimed that he is indigent, and the evidence shows that appellant is not indigent. Thus, contrary to his contentions, appellant is not entitled to a free transcript. Further, appellant was tried on February 25, 1997; he was sentenced on February 28, 1997; his motion for new trial was denied on March 28, 1997; a notice of appeal was filed on March 31, 1997; and a transcript of the proceedings was filed on May 14, 1997. There was no error pursuant to OCGA § 17-8-5.

12. A February 25, 1997 prosecution for a crime that was alleged to occur seventeen months before, on August 9, 1995, is not barred by the two-year (twenty-four months) statute of limitation for the prosecution of misdemeanor cases. OCGA § 17-3-1 (d).

### Case No. A98A0073: Criminal Contempt

Appellant's sole contention with regard to his conviction for criminal contempt of court is that he was not in contempt.[4] Appellant claims that his conduct was not "intentional, wilful, or done to degrade"; appellant urges that he engaged in unseemly conduct because "I needed a recess to get my thoughts straight. I could not understand instructions from the court." We find such contentions to be incredible. A review of the transcript shows that the trial court did everything in its power, short of contempt, to compel the appellant to behave. The characterization "soul of patience" comes to mind. Direct requests by the trial court, which were comprised of nothing more complicated than "don't say that again," were ignored by appellant; the trial court warned the appellant that he was in danger of being held in contempt. Appellant's actions in court appeared retaliatory toward Walden for filing the charges against him and contemptuous

---

[4] As a note of interest, the trial court was forced to hold victim Lester Walden in criminal contempt, as well, for Walden's continuous derogatory comments directed toward appellant during the length of the trial.

of the trial court's efforts to conduct the trial in a fair and *orderly* manner. We find under the circumstances that sufficient evidence exists from which to find appellant guilty of criminal contempt of court beyond a reasonable doubt.[5] OCGA § 15-1-4; *In re Irvin*, 254 Ga. 251 (328 SE2d 215) (1985).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 27, 1998 —
RECONSIDERATION DENIED MARCH 10, 1998

Anthony J. Carter, *pro se.*
*Steven L. Harris, Solicitor*, for appellee.

---

[5] Criminal contempt is that which involves some disrespectful or contumacious conduct toward the court. It involves action by the court to compel respect thereto, to vindicate its authority, and to enforce the lawful processes and actions of the court. *Farmer v. Holton*, 146 Ga. App. 102 (245 SE2d 457) (1978), overruled on other grounds, *In re Crane*, 253 Ga. 667 (324 SE2d 443) (1985).