S06A0766, S06A0767, S06A0768, S06A0769. MITCHELL v. THE
STATE (four cases).
(633 SE2d 539)

HUNSTEIN, Presiding Justice.

Appellants Marvin and Melvin Mitchell were convicted of the
felony murder of Jason Trotman and other charges and sentenced to
life imprisonment. After a hearing on their post-trial motions, includ-
ing claims of ineffective assistance of trial counsel, the trial court
declared appellants to be indigent and appointed counsel for pur-
poses of appeal. The court, however, denied their requests for free
copies of the transcript of post-trial proceedings. Appellants contend
in case numbers S06A0767 and S06A0769 that the trial court's denial
of their requests for a free transcript was error. We agree and reverse.

1. In criminal cases, "[a]n indigent, on appeal, is entitled as a
matter of right to a free copy of the transcript of trial court proceed-
ings in which he has been a party." *Stalling v. State*, 231 Ga. 37, 38
(200 SE2d 121) (1973), citing *Griffin v. Illinois*, 351 U. S. 12, 19 (76 SC
585, 100 LE 891) (1956) (indigent criminal defendant entitled to trial
transcript at public expense). Motions for new trial and other post-
trial motions are part of the "proceedings" contemplated by this rule.
See *Hall v. State*, 162 Ga. App. 713 (4) (293 SE2d 862) (1982). The
right to a free transcript arises regardless of whether the indigent
defendant was represented by retained counsel at the time of the trial
court proceeding for which the transcript is sought. See id.

The trial court here found appellants to be indigent for purposes
of appeal and our own review of the record demonstrates that the
transcript of appellants' post-trial evidentiary hearing is necessary to
allow them to pursue their pending appeals from their criminal
convictions. See *Stalling*, supra at 38 (noting absence of pending
appeal in upholding trial court's denial of motion for transcript);
*Billups v. State*, 234 Ga. 147 (214 SE2d 884) (1975) (indigent defen-
dant must show justification or need for transcript to be entitled to
free copy). Accordingly, we conclude that the court erred by denying
appellants' requests for a free transcript of the post-trial proceedings
and reverse the decision of the trial court in case numbers S06A0767
and S06A0769.

2. Having determined that appellants were denied their right to
free copies of the transcript of post-trial proceedings, their appeals
from their convictions in case numbers S06A0766 and S06A0768 are
removed from the docket and remanded to the trial court while the
transcript is completed. Appellants shall have 20 days from the date
of receipt of the transcript to refile their notices of appeal, and upon
the filing of such notices of appeal, the cases with the complete record
and transcript may be transmitted to this Court for redocketing.

*Judgments reversed in Case Nos. S06A0767 and S06A0769. Case Nos. S06A0766 and S06A0768 are stricken from the docket. All the Justices concur.*

DECIDED JULY 14, 2006.

*Michael B. King*, for appellant.
*Scott L. Ballard, District Attorney, Josh W. Thacker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.