A06A2177. GEORGIA PUBLIC DEFENDER STANDARDS COUNCIL v. STATE OF GEORGIA et al.

(644 SE2d 510)

BARNES, Chief Judge.

The Georgia Public Defender Standards Council ("the Council") appeals the order of the Superior Court of Decatur County requiring the Council to pay for the costs of transcripts in three criminal cases and to pay for transcripts in any future cases in which transcripts

were requested by the Council on behalf of indigent defendants.[1] According to the trial court's rule nisi, "[t]his issue arose when the local public defenders sought copies of the transcripts in two cases, and then took the position that the Council was not responsible for providing transcripts for defendants represented under the Indigent Defense Act." The rule nisi stated that the court and the court reporters were "being placed in a position of not knowing who is responsible for same, and accordingly the Court must make a determination as to whether Decatur County, the South Georgia Conflict Management Office, or the State of Georgia is responsible for the payment of said court reporters' fees in connection with" these cases. Consequently, the court directed that the rule nisi be served on the various entities concerned and directed them to show cause "why one or more of them should not be jointly or severally liable for the payment of the transcripts in the captioned cases and for subsequent cases of similar nature." The Council was one of the entities served. Thereafter, Grady County moved to intervene in the action, and this motion was later granted.

The Council responded to the rule nisi with a letter brief and a proposed order. The letter brief argued the Council's position that the Council was not "fiscally responsible for the payment of transcript costs in criminal proceedings" and that the cost of providing transcripts was a responsibility of the county. The letter brief, however, did not object to the court's exercise of jurisdiction over the Council. The proposed order concluded that the Council was not responsible for the costs of transcripts.

The Attorney General of Georgia was also served with the rule nisi and responded by letter that "it appears to his office that the question is whether or not the creation of [the Council] clearly mandates that the expense of transcripts falls on [the Council], pursuant to this act. If not, the county would appear to continue to be responsible for this expense pursuant to OCGA § 48-5-220." Decatur County filed a brief taking the position that the Council should pay for the transcripts.

After a hearing, the trial court recited in its order that it considered the parties listed in its order to be parties to the actions. Among the parties listed were the district attorney for the South Georgia Judicial Circuit, the county attorneys for Decatur and Grady Counties, the Decatur County administrator, a representative of the Attorney General of Georgia, the Council, the circuit public defender, and two conflict defense attorneys. The trial court also recited that

---

[1] Although filed originally in the Supreme Court of Georgia, the case was transferred to this court because the case was found not within the jurisdiction of that court.

> [t]his issue was precipitated by request for transcripts by two criminal defendants acting through their attorney hired/appointed by the Georgia Public Defender Standards Council (Standards Council) or by the Chief Public Defender of the South Georgia Judicial Circuit. It was agreed and stipulated by all parties that said attorneys were not appointed by the Court and that indigent defendants are entitled to free transcripts in criminal proceedings. That these defendants are in fact indigent is not an issue in this matter.

The trial court further recited that the transcripts were prepared and bills submitted to the "South Georgia Conflict Management Office, a division of the Standards Council, but that office refused payment." The issue before the trial court was deemed to be: "Who has the responsibility for paying for the cost of a transcript of 'evidence and proceedings' in felony cases?" Ultimately, the trial court found that the Indigent Defense Act put the responsibility for indigent defense upon the Council, including the payment for trial transcripts.

The trial court based its order on OCGA § 17-12-34:

> The governing authority of the county shall provide, in conjunction and cooperation with the other counties in the judicial circuit and in a pro rata share according to the population of each county, appropriate offices, utilities, telephone expenses, materials, and supplies as may be necessary to equip, maintain, and furnish the office or offices of the circuit public defender in an orderly and efficient manner. The provisions of an office, utilities, telephone expenses, materials, and supplies shall be subject to the budget procedures required by Article 1 of Chapter 81 of Title 36.

Because the Code section does not state that the counties were required to pay their share for transcripts, the trial court reasoned that the Council was obligated to fund those costs.

On appeal, the Council contends the trial court erred in ordering it to pay for the transcripts because it was not a party to the case. It further contends the legislature did not intend for it to pay these costs and that it is not authorized to pay them. We hold that the Council is a party to this case, and agree that the legislature did not intend to authorize it to pay for transcripts.

This court must first thank the amicus curiae[2] for the most helpful briefs they submitted.

1. The Council contends the trial court lacked jurisdiction in a criminal case to order it, a nonparty agency of the State, "to expend appropriated funds to pay for a trial transcript" in these cases and in all future cases in the judicial circuit. The Council bases its argument on *Darden v. Ravan*, 232 Ga. 756 (208 SE2d 846) (1974), in which under very similar circumstances our Supreme Court held that the Superior Court had no jurisdiction to exercise general supervisory control over the District Attorney and various inferior courts. The court held that any supervision must be "exercised by writs designated by the statutes, such as the writ of certiorari or mandamus or prohibition." Id. at 759. Pretermitting whether a court may exercise jurisdiction through a rule nisi generally, however, we find that by submitting its letter brief and order without contesting jurisdiction, the Council consented to the exercise of jurisdiction in this case.

2. We must begin our analysis with the legislative mandate that "[i]n all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a). Further,

> [a]ll statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it, and are therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and decisions of the courts. [Cits.]

*Peachtree-Cain Co. v. McBee*, 254 Ga. 91, 93 (327 SE2d 188) (1985). When considered in this context, it is apparent that the trial court misconstrued the General Assembly's intention in creating the Council.

The Georgia Indigent Defense Act of 2003, OCGA § 17-12-1 et seq., made the Council an independent agency within the judicial branch of state government, OCGA § 17-12-1 (b), and made the

---

[2] Briefs were submitted by retired Chief Justice of the Supreme Court of Georgia Norman S. Fletcher, by the Attorney General of Georgia, and by the Atlanta Bar Association, the Barton Child Law and Policy Clinic, the Gate City Bar Association, the Georgia Asian Pacific American Bar Association, the Georgia Association of Black Women Attorneys, the Georgia Association of Criminal Defense Lawyers, the Georgia Innocence Project, the Georgia Justice Project, the Southern Center for Human Rights, and the Stonewall Bar Association.

Council "responsible for assuring that adequate and effective legal representation is provided, independently of political considerations or private interests, to indigent persons who are entitled to representation under this chapter." OCGA § 17-12-1 (c). The purpose of the Act was to create a uniform, state-wide system of public defender offices. The Act itself, however, did not provide for funding of the new system. The funding mechanism is contained in OCGA § 15-21-70 et seq., which authorizes a percentage of fines and bonds to fund indigent defense. A plain reading of the law shows that the responsibility of the Council is to provide "adequate and effective legal representation" for indigent defendants. OCGA § 17-12-1 (c).

The counties contend the Indigent Defense Act of 2003 requires the Council to pay the costs of transcripts because it is an independent agency of the State and the Act made the Council responsible for adequate and effective legal representation. Their arguments are primarily based on the Council's independent status and the legislature directing the Council to prepare a budget to provide for offices, facilities, and salaries. The budget, however, was to be for fulfilling the purposes of the Act. OCGA § 17-12-26 (a).

Where the trial court and the counties err is in concluding that the responsibility for paying for the transcripts is a cost of defense. "An indigent, on appeal, is entitled as a matter of right to a free copy of the transcript of trial court proceedings in which he has been a party." *Stalling v. State*, 231 Ga. 37, 38 (200 SE2d 121) (1973). "The right to a free transcript arises regardless of whether the indigent defendant was represented by retained counsel at the time of the trial court proceedings for which the transcript is sought." *Mitchell v. State*, 280 Ga. 802 (1) (633 SE2d 539) (2006).

Payment for these transcripts is an obligation of the State, and our law requires that the counties pay for transcripts. See, e.g., OCGA §§ 15-6-24[3] (taking down testimony in felony cases); 48-5-220 (5) (one purpose of county taxes is to pay court expenses); and 15-6-79 (transcripts for appellate courts under indigency affidavits shall be paid from county funds). These responsibilities existed at the time the Council was created, and the General Assembly is presumed to have enacted the Georgia Indigent Defense Act with knowledge of the

---

[3] Any contingent expenses incurred in holding any session of the superior court, including lights, fuel, stationery, rent, publication of grand jury presentments when ordered published, and similar items, such as taking down testimony in felony cases, etc., *shall be paid out of the county treasury* of such county upon the certificate of the judge of the superior court and without further order. (Emphasis supplied.)

existing laws requiring counties to pay for transcripts. *Peachtree-Cain Co. v. McBee*, supra, 254 Ga. at 93. Additionally, we cannot say that the Act repealed these existing laws by implication because repeals by implication are not favored. Only if a prior statute is clearly inconsistent and contrary to the most recently enacted statute or the later statute covers the entire subject matter will we hold that a statute repeals another by implication. *Cotton States Mut. Ins. Co. v. DeKalb County*, 251 Ga. 309 (2) (304 SE2d 386) (1983). That cannot be said in this case.

Further, the legislature has not authorized the Council to pay for the costs of transcripts. Review of the various Code sections authorizing the Council to expend funds shows that these expenditures are for internal costs associated with actually providing for the defense of indigents. See OCGA §§ 17-12-27 (salaries of attorneys); 17-12-28 (salaries of investigators); 17-12-29 (salaries of administrative, clerical, and paraprofessional personnel); 17-12-26 (c) (2)-(3) (travel expenses). Conversely, the expenses for "appropriate offices, utilities, telephone expenses, materials, and supplies as may be necessary to equip, maintain, and furnish the office or offices of the circuit public defender in an orderly and efficient manner" are the responsibility of the counties. OCGA § 17-12-34.

We also find the trial court's reliance upon "Expressio unius est exclusio alterius"[4] to be misplaced. OCGA § 17-12-34 sets out the administrative costs the county must meet, which are "to equip, maintain, and furnish the office or offices of the circuit public defender," and does not set out the counties' obligations in funding court expenses, which are found elsewhere.

Accordingly, we find that the superior court erred by requiring the Council to pay for these transcripts. Its judgment must be reversed.

*Judgment reversed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 29, 2007.

*Rogers & Hardin, Robert B. Remar, Thomas J. Mew IV*, for appellant.

---

[4] [T]he venerable principle of statutory construction *expressio unius est exclusio alterius*: the express mention of one thing implies the exclusion of another; or the similar maxim more usually applied to statutes, *expressum facit cessare tacitum*, which means that if some things (of many) are expressly mentioned, the inference is stronger that those omitted are intended to be excluded than if none at all had been mentioned. [Cit.]
*Morton v. Bell*, 264 Ga. 832, 833 (452 SE2d 103) (1995).

*Joseph K. Mulholland, District Attorney, J. Brown Moseley, Assistant District Attorney, Lehman & Cauley, Kevin S. Cauley, Kelley & Snow, Steven B. Kelley, Robert R. McLendon IV,* for appellees.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Jeffrey L. Milsteen, Deputy Attorneys General, Stefan E. Ritter, Assistant Attorney General, Brinson, Askew, Berry, Seigler, Richardson & Davis, Robert H. Brinson, Jr., Norman S. Fletcher, Winkler & DuBose, C. Wilson DuBose, Jim Bramblett, Teresa Steinberg,* amici curiae.