## A08A1197. COLEMAN v. THE STATE.
### (666 SE2d 620)

MIKELL, Judge.

Destiny Keith Coleman entered a plea of nolo contendere to statutory rape as a lesser included offense of child molestation in the Superior Court of Columbia County and was sentenced to a total of ten years, six to serve in confinement and the remainder on probation. Coleman entered his plea with the assistance of counsel on August 26, 2004. Coleman's counsel was permitted to withdraw from the case after Coleman's sentencing and did so on December 7, 2004. On March 16, 2005, Coleman filed a request to proceed in forma pauperis, requesting his case file and transcripts, which request was not ruled upon by the trial court. On April 30, 2007, Coleman filed a motion to set aside judgment, amended motion to set aside judgment, motion to discover,[1] and motion to recuse. Construing Coleman's motions as a motion to withdraw his guilty plea, the trial court concluded that it had no jurisdiction to entertain the motion as it was filed after the term in which the judgment of conviction was entered; that Coleman had no right to an out-of-time appeal; and that the motion to recuse was untimely and failed to state a legal ground for recusal. Coleman filed an application for discretionary appeal, which this court granted on the ground that the denial of a motion to withdraw a guilty plea is directly appealable and gave Coleman ten days from the date of its order, January 11, 2008, to file a notice of appeal with the superior court. Coleman filed his notice of appeal on January 17, 2008.

On appeal, Coleman asserts several enumerated errors, arguing that his constitutional rights to self-representation, due process, and to a fair and impartial tribunal were violated. Coleman also maintains that the trial court erroneously denied his motion to recuse and that it erred when it concluded that he had no right to withdraw his guilty plea and denied him a hearing on his motion for an out-of-time

---

[1] This motion requested documents from the record as well as the production of the evidentiary hearing transcript.

appeal. We remand for reasons discussed below.

1. In his first four enumerated errors, Coleman argues that he was deprived of the opportunity to represent himself, which resulted in the violation of his constitutional rights. The record shows that the trial court granted Coleman's request to represent himself at a hearing on June 17, 2004, and that Coleman was also represented by appointed counsel. Coleman contends that the transcript will show that he was actually denied the right to represent himself. But no transcript has been filed for inclusion in the record.[2]

In most cases, the failure to provide the transcript would be fatal to appellant's appeal because where our review of an enumeration of error requires a review of a part of the trial transcript that an appellant has not provided us, we presume the trial court's ruling was correct.[3] But in this case, appellant filed a motion to proceed as a pauper, and this motion was not addressed.

> In criminal cases, "an indigent, on appeal, is entitled as a matter of right to a free copy of the transcript of trial court proceedings in which he has been a party." *Stalling v. State*, 231 Ga. 37, 38 (200 SE2d 121) (1973), citing *Griffin v. Illinois*, 351 U. S. 12, 19 (76 SC 585, 100 LE 891) (1956) (indigent criminal defendant entitled to trial transcript at public expense). Motions for new trial and other post-trial motions are part of the "proceedings" contemplated by this rule. The right to a free transcript arises regardless of whether the indigent defendant was represented by retained counsel at the time of the trial court proceeding for which the transcript is sought.[4]

Therefore, since Coleman filed motions to establish his indigency, which were ignored by the trial court, and as an indigent person, he would be entitled to a transcript of the proceedings below, we must remand the case to give the trial court an opportunity to determine

---

[2] The transcripts were not included in the record on appeal because they were not filed below. Coleman requested additional time to file his appellate brief, explaining that he filed a motion to produce documents in the trial court after filing his notice of appeal in an attempt to obtain the transcript. Coleman also noted that he filed a "motion to discover" documents, including the transcript, on April 30, 2007. Coleman filed his appellate brief, including no citations to the record.

[3] *Gilbert v. State*, 222 Ga. App. 787 (4) (476 SE2d 39) (1996). Accord *Nye v. State*, 279 Ga. App. 347, 348 (1) (631 SE2d 386) (2006) ("[i]n the absence of a transcript, we generally presume that the trial court acted properly").

[4] (Citations omitted.) *Mitchell v. State*, 280 Ga. 802 (1) (633 SE2d 539) (2006).

whether Coleman is an indigent entitled to a free transcript.[5]

Without a transcript, we have no way of determining whether Coleman made a valid waiver of his right to counsel, or whether he was ordered to assist the appointed counsel or whether counsel was appointed to assist Coleman. When a defendant is allowed to represent himself, "the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel."[6] In the absence of a transcript, we cannot determine whether the trial court made the necessary findings. Accordingly, Coleman's appeal from his conviction in Case No. A08A1197 is removed from the docket and remanded to the trial court. Should the trial court rule that Coleman is an indigent entitled to a free transcript, Coleman shall have 20 days from the date of receipt of the transcript to refile his notice of appeal, and upon the filing of same, the case with the complete record and transcript may be transmitted to this Court for redocketing.

2. In light of Division 1, we need not address Coleman's remaining enumerations of error at this time. We exercise our discretion, however, to address the enumeration challenging the trial court's denial of Coleman's motion for withdrawal of his guilty plea as it may affect Coleman's new appeal should he be declared indigent. "It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea.'"[7] Since Columbia County has two terms of court each year,[8] and more than two years passed before Coleman sought to withdraw his plea, the trial court correctly concluded that it lacked jurisdiction to permit Coleman to withdraw the plea.[9] "Once the term of court in which a defendant was sentenced has expired, the only available

---

[5] See *Hall v. State*, 162 Ga. App. 713, 716 (4) (293 SE2d 862) (1982) (on remand, trial court ordered to hold a hearing to determine if appellant was an indigent person entitled to a transcript). See also *Mapp v. State*, 199 Ga. App. 47, 48 (403 SE2d 833) (1991) (appeal dismissed and remanded for hearing to determine appellant's indigence and for appointment of appellate counsel, if required).

[6] *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981). See also *Hamilton v. State*, 233 Ga. App. 463, 466 (1) (b) (504 SE2d 236) (1998) (fitting and appropriate for determination of a proper waiver to appear upon the record).

[7] (Punctuation and footnote omitted.) *Turner v. State*, 281 Ga. 435, 436 (1) (637 SE2d 384) (2006).

[8] OCGA § 15-6-3 (5) (B).

[9] See *Rubiani v. State*, 279 Ga. 299 (612 SE2d 798) (2005).

means for an appellant to withdraw his guilty plea is through habeas corpus proceedings.''[10]

*Judgment affirmed and case remanded with direction. Smith, P. J., and Adams, J., concur.*

DECIDED AUGUST 7, 2008.

Destiny K. Coleman, *pro se.*

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[10] (Citation omitted.) *Dupree v. State*, 279 Ga. 613, 614 (619 SE2d 608) (2005).