# Court of Appeals
# of the State of Georgia

ATLANTA,   May 12, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0651. LAWSON v. THE STATE.**

For the reasons explained below, this case is remanded with direction.

In June 2009, in the Superior Court of Bulloch County, Jerome Saair Lawson was tried by a jury, convicted of felony offenses, and sentenced as a recidivist. Lawson's trial counsel filed a motion for new trial, which was amended by (subsequently appointed) appellate counsel to include an allegation that trial counsel was ineffective. After a hearing in January 2013, the trial court entered an order on April 15, 2013, denying Lawson's amended motion for new trial. On May 13, 2013, a notice of appeal to this Court was filed by Lawson's appellate counsel, which pertinently stated:

> The Clerk will please omit nothing from the record. . . . Transcript of evidence and pleadings will be filed for inclusion in the record on appeal. . . . The Clerk will also ensure that a copy of the Motion for New Trial transcript and all other transcripts is [sic] forwarded to the Defendant's counsel prior to docketing the case to Georgia Court of Appeals.

On June 21, 2013, Case No. A13A2084, styled *Lawson v. The State*, was docketed in this Court. That same day, this Court sent a docketing notice to the parties, instructing, inter alia: "Appellant's brief (including an Enumeration of Errors as Part II) shall be filed within 20 days of the date on this docketing notice. . . . Appellee's brief shall be filed within 40 days after the docketing date or 20 days after

1

the filing of the appellant's brief whichever is later."[1]

On July 3, 2013, Lawson's appellate counsel filed in Case No. A13A2084 a "Motion to Extend Time for Appellant's Brief," asserting,

> The Motion for New Trial Transcript has been unavailable to the Appellant. Appellant seeks the motion for new trial transcript from the trial court and she [sic] is using due diligence to obtain said transcript. Ineffective Assistance of counsel is one of Appellant's enumerations of error [sic]. . . . Thus, Appellant respectfully moves for additional time to file its brief and to obtain the motion for new trial transcript.

Thus, on July 8, 2013, this Court granted the motion to extend time to file brief until July 31, 2013.

On July 30, 2013, Lawson's appellate counsel filed a motion to remand the case, asserting,

> The Motion for New Trial's [sic] transcript has not been completed. Thus, the Appellant moves the Court to remand the case to the Superior Court of Bullock [sic] County pending completion of the Motion for New Trial transcript. The court reporter indicates that the transcript is not ready as of today's date. The transcript should be available relatively soon.

Thus, on September 23, 2013, this Court entered an order in Case No. A13A2084, which stated in pertinent part:

> The Court having received no objection from the appellee, Lawson's motion to remand is hereby GRANTED, and this case is accordingly

---

[1] See Court of Appeals Rule 23 (setting forth time frames for filing appellant's and appellee's briefs).

2

REMANDED to the Superior Court of Bulloch County with direction that the entire record be prepared and transmitted to this Court in accordance with OCGA § 5-6-43. *The Court encourages the parties and the trial court to expedite this matter to avoid further delay in the disposition of this appeal.*[2]

Thereafter, on December 6, 2013, the instant appeal (Case No. A14A0651) was docketed. In addition to the record parts transmitted initially to this Court (with Case No. A13A2084), the record for Lawson's direct appeal as docketed in Case No. A14A0651 includes a 41-page transcript of the hearing of the motion for new trial. The record shows that the transcript was filed in the Superior Court of Bulloch County on November 25, 2013.

Also on December 6, 2013, this Court sent a docketing notice to the parties, instructing, inter alia: "Appellant's brief (including an Enumeration of Errors as Part II) shall be filed within 20 days of the date on this docketing notice. . . . Appellee's brief shall be filed within 40 days after the docketing date or 20 days after the filing of the appellant's brief whichever is later."[3]

But on December 20, 2013, Lawson's appellate counsel filed a "Motion to Extend Time for Appellant's Brief," asserting,

Appellant's counsel has been in jury trials during the month of November which required a lot of her time. Thereafter, appellant [sic] counsel has three cases recently docketed in the Georgia Court of Appeals during the month of December 2013. In order to be as effective as possible, appellant [sic] counsel needs an extension of at least thirty days. Likewise, the case is premature for docketing in that Timothy [sic]

---

[2] (Emphasis supplied.)

[3] See Court of Appeals Rule 23.

Lawson still has not received a copy of the Motion for New trial transcript.

On December 26, 2013, this Court granted the motion to extend time to file brief until January 27, 2014.

On February 6, 2014, Lawson's appellate counsel filed a "Motion To Extend Time for Ten Days to Review Motion for New Trial Transcript." Therein, counsel asserted,

> Appellant's attorney still has not received a copy of the transcript in this case after repeated requests. Appellant's counsel will appear at the Clerk's Office of the Georgia Court of Appeals in order to review said motion for new trial transcript. Appellant is entitled to a free copy of his motion for new trial transcript in that he is indigent. Appellant's counsel was appointed to represent appellant by the Georgia Public Defender Standard's [sic] Council to assist the Defendant with his post trial matters. In order to be as effective as possible, appellant's counsel needs brief additional time to review the motion for new trial transcript in the record.

On February 7, 2014, this Court granted the appellant an extension of time to file his brief until February 17, 2014.

Meanwhile, Lawson's appellate counsel had filed on January 27, 2014 a motion to remand the case "until such time as the motion for new trial transcript is filed in this action." Counsel asserted,

> A motion for new trial transcript still has not been filed in this case and/or provided to the Appellant's attorney. Appellant is entitled to a free copy of his motion for new trial transcript in that he is indigent. Appellant's counsel was appointed to represent appellant by the Georgia Public Defender Standard's [sic] Council to assist the Defendant with

4

his post trial matters. In order to be as effective as possible, appellant's counsel needs the motion for new trial transcript. Appellant's attorney has made numerous effort [sic] in inquiring about said transcripts. As of today's date, no transcript has been produced to Appellant's attorney.

While that motion to remand was pending in this Court, appellate counsel filed on February 18, 2014 the brief of Appellant Lawson.[4] Two days later, this Court entered an order denying Lawson's motion to remand.

However, Appellant's brief filed on February 18, 2014 "incorporated by reference, the previous Motions . . . filed by Appellant in this case." Consequently, we consider anew the motion to remand filed on January 27, 2014, which asserted that Appellant was entitled to, but had not received, a free copy of the transcript of the hearing of the (amended) motion for new trial.

In *Mitchell v. State*,[5] the Supreme Court of Georgia reiterated, "In criminal cases, an indigent, on appeal, is entitled as a matter of right to a free copy of the transcript of trial court proceedings in which he has been a party. Motions for new trial and other post-trial motions are part of the 'proceedings' contemplated by this rule."[6] In *Mitchell*, because the appellants had been "denied their right to free copies of the transcript of post-trial proceedings, their appeals from their convictions . . . [were] remanded to the trial court" so that they could receive said copies.[7] Further, the Supreme Court in *Mitchell* allowed the appellants "20 days from the date of

---

[4] Despite this Court's Rule 23 and the docketing notices sent to the parties, the state has failed to file a brief. See, in particular, Court of Appeals Rule 23 (b) (stating that "[a] brief shall be filed by the appellee in all criminal appeals when the State is the appellee").

[5] 280 Ga. 802 (633 SE2d 539) (2006).

[6] Id. at 802 (1) (citations and punctuation omitted).

[7] Id. at 802 (2).

receipt of the transcript to refile their notices of appeal," and ordered that "upon the filing of such notices of appeal, the cases with the complete record and transcript may be transmitted to this Court for redocketing."[8]

In the instant case, although Lawson has been appointed counsel for purposes of appeal, nothing in the record shows that he filed a motion with the trial court asking for a free copy of the transcript at issue.[9] Nor has Lawson's appellate counsel provided any details of the extent to which any request was made to the trial court. Rather, in her pleadings to this Court, Lawson's appellate counsel has made only non-specific assertions, including: (i) on July 3, 2013, stating that "[t]he Motion for New Trial Transcript has been unavailable to the Appellant," although "Appellant seeks the motion for new trial transcript from the trial court and she [sic] is using due diligence to obtain said transcript"; (ii) on December 20, 2013, stating that "Lawson still has not received a copy of the Motion for New trial transcript"; (iii) on January 27, 2014, stating that "[a] motion for new trial transcript still has not been filed in this case and/or provided to the Appellant's attorney" who "has made numerous effort [sic] in inquiring about said transcripts. As of today's date, no transcript has been produced to Appellant's attorney"; and (iv) on February 6, 2014, stating that "Appellant's attorney still has not received a copy of the transcript in this case after repeated requests." Meanwhile, as the record reveals, the motion for new trial transcript was filed in the trial court approximately five months ago (on November 25, 2013).

Under these circumstances, and despite the continued delay that will be caused to Lawson's appeal, this case is hereby REMANDED to the Superior Court of Bulloch County for a determination as to whether Lawson is entitled to, but has not

---

[8] Id.

[9] Cf. id. at 802 (noting that "the trial court [had] declared appellants to be indigent and appointed counsel for purposes of appeal," but "denied their requests for free copies of the transcript of post-trial proceedings").

received, a free copy of the transcript of the hearing of his (amended) motion for new trial. If Lawson is entitled to a free copy of that transcript, he shall be so provided.[10] Lawson shall have 20 days, from the date that it is determined by the trial court that Lawson has received said transcript, to refile his notice of appeal. Upon the filing of such notice of appeal, this case may be transmitted to this Court for redocketing.

The Clerk of this Court is hereby directed to send a copy of this order to: (i) Lawson; (ii) Lawson's appellate counsel, who is also directed to send a copy of this order to Lawson; (iii) the Appellate Division of the Georgia Public Defender Standards Council, and (iv) the trial judge.

The parties and the trial court are hereby directed to expedite this matter to minimize further delay in the disposition of Lawson's direct appeal.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 05/12/2014
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

    *Stephen E. Castlen*     *, Clerk.*

---

[10] See id. at 802 (1).

7