**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 19, 2015**

# In the Court of Appeals of Georgia

A14A1679. LEAVELL v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Sharon Leavell was convicted of driving under the influence of a drug to the extent it made it less safe for her to drive (OCGA § 40-6-391 (a) (2)) and failure to maintain lane (OCGA § 40-6-48). She argues on appeal that the trial court erred in denying her request for transcripts, free of cost, of her trial and a hearing on her motion to suppress; in denying her motion to suppress; and in giving a certain jury instruction. Because we cannot discern from the record whether or not the trial court found Leavell to be indigent – a finding dispositive of her request for cost-free transcripts – we vacate the trial court's denial of that request and remand the case for the trial court to make a finding on her indigence and to enter a ruling consistent therewith.

On appeal in a criminal case, an indigent defendant "is entitled as a matter of right to a free copy of the transcript of court proceedings in which he has been a party. . . . The right to a free transcript arises regardless of whether the indigent defendant was represented by retained counsel at the time of the trial court proceeding for which the transcript is sought." *Mitchell v. State*, 280 Ga. 802 (1) (633 SE2d 539) (2006) (citations and punctuation omitted). Whether a defendant is indigent is a matter for the trial court's discretion. See *Thomas v. State*, 297 Ga. App. 416, 420 (3) (677 SE2d 433) (2009).

From the record, however, it is unclear whether or not the trial court found Leavell to be indigent. The trial court did not make an express finding regarding indigency in his order. While he was not required to do so, see *Harris v. State*, 170 Ga. App. 726 (318 SE2d 315) (1984), the order is worded in a way that could support either an inference that the trial court found Leavell to be indigent or an inference that he did not find her to be indigent. On the one hand, the trial court finds in the order "that the payment of certain Appellate cost[s] could work a financial hardship on [Leavell]" and waives the requirement that she pay filing or record costs. Elsewhere in the order, however, the trial court "den[ies Leavell] leave to proceed in the forma pauperis as to the transcript cost" and instead imposes personal responsibility for any

transcript costs upon Leavell's pro bono counsel. See Unif. Super. Ct. R. 41.3 ("Except where leave to proceed in forma pauperis has been granted, an attorney who files a motion for new trial, or a notice of appeal which specifies that the transcript of evidence or hearing shall be included in the record, shall be personally responsible for compensating the court reporter for the cost of transcription.") When asked at a hearing on the matter to make an explicit finding on the issue of indigency, the trial court did not do so. (The record contains a transcript of this hearing, apparently paid for by Leavell's counsel. )

Based on this record, we cannot determine whether or not the trial court found Leavell to be indigent and, consequently, whether the trial court erred in denying Leavell cost-free transcripts. Moreover, without the transcripts we cannot determine the merits of Leavell's other claims of error. We therefore vacate the trial court's order denying Leavell's motion seeking the transcripts and we remand the case for the trial court to make a finding on the issue of indigency and to enter a new order on Leavell's motion in accordance with that finding. "Should the trial court rule that [Leavell] is an indigent entitled to a free transcript, [Leavell] shall have [30] days from the date of receipt of the transcript to refile [her] notice of appeal, and upon the filing of same, the case with the complete record and transcript may be transmitted

to this [c]ourt for redocketing." *Coleman v. State*, 293 Ga. App. 251, 253 (1) (666 SE2d 620) (2008). See also *Mitchell*, 280 Ga. at 802 (2). Should the trial court rule that Leavell is not an indigent, she shall have 30 days from the date of that ruling to refile her notice of appeal.

*Judgment vacated and case remanded. Andrews, P. J., and Ray, J., concur.*