**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 27, 2020**

# In the Court of Appeals of Georgia

A19A2037. BROCK v. THE STATE.

MERCIER, Judge.

The question presented in this appeal is whether the State is required to ensure that a trial transcript is created and preserved following a felony conviction of a non-indigent defendant. Kristopher Brock was convicted of felony obstruction of an officer.[1] See OCGA § 16-10-24 (b). Brock filed a motion for new trial and requested that the State file a transcript of the trial proceedings so that he could purchase a copy of the transcript. He also filed a "Motion to Force the State to Prepare and File the Trial Transcript as Required by Georgia Law." Brock appeals the trial court's denial of his motions. For the following reasons, we reverse the trial court's denial of

---

[1] The jury found him not guilty of aggravated battery and simple battery (family violence).

Brock's motion to compel the State to prepare a transcript, vacate the trial court's denial of Brock's motion for new trial and remand the case for further proceedings.

1. Without question in Georgia "an indigent, on appeal, is entitled as a matter of right to a free copy of the transcript of trial court proceedings in which he has been a party." *Roberson v. State*, 300 Ga. 632, 635 (II) (797 SE2d 104) (2017) (citation and punctuation omitted). Conversely, a non-indigent defendant is not entitled to a free transcript of the trial court proceedings. See *Carter v. State*, 231 Ga. App. 42, 45 (11) (497 SE2d 812) (1998) (disapproved of on other grounds by *Malloy v. State*, 293 Ga. 350, 354 (2) (a) (n. 7) (744 SE2d 778) (2013)). Here, Brock is neither claiming that he is indigent nor that he is entitled to a free copy of the transcript of the trial court proceedings. Instead, he asserts that the State had an obligation to ensure that the trial transcript was prepared so that he could purchase a copy.

OCGA § 5-6-41 (a) provides that "[i]n all felony cases, the transcript of evidence and proceedings shall be reported and prepared by a court reporter as provided in Code Section 17-8-5 or as otherwise provided by law." In all felony trials that result in a guilty verdict, the testimony of the case "shall be entered on the minutes of the court or in a book to be kept for that purpose." OCGA § 17-8-5 (a). As noted by our Supreme Court, in the event of a guilty verdict "in felony cases the State

2

is responsible for ensuring that a correct and complete transcript is created, preserved, and provided to the defendant upon his request." *Johnson v. State*, 302 Ga. 188, 192 (3) (a) (805 SE2d 890) (2017); see also *Gadson v. State*, 303 Ga. 871, 878 (3) (a) (815 SE2d 828) (2018). "Such is the law in this state, and in this legal era of numerous appeals and numerous post-conviction reviews it is a wise and reasonable requirement." *Johnson*, supra (citation and punctuation omitted). Accordingly, the trial court erred by denying Brock's requests to have the State ensure that a trial transcript was created and preserved.[2] See generally id. Furthermore, as the State failed to ensure that the trial transcript was prepared, despite Brock's requests, we vacate the trial court's denial of his motion for new trial and remand the case to allow Brock to file an amended motion for new trial with the aid of a trial transcript.

Having determined that Brock was denied his right to have the State ensure that a transcript of the trial proceeding was created and preserved, we hereby remove his appeal from this Court's docket and remand the case to the trial court for preparation

---

[2] This case differs from those cited by the State, such as *State v. Hart*, 246 Ga. 212 (271 SE2d 133) (1980), because here the trial court did not make an express finding that Brock had caused an unreasonable delay in requesting the trial transcript. See id. at 214 (2). Instead, in its order denying Brock's motion to compel the State to prepare a transcript, the trial court found that "[t]he State bears no responsibility to provide a transcript at the State's expense to a non-indigent defendant."

3

of the transcript. Brock shall have 30 days from the date the transcript is completed to purchase a copy of the transcript and to file an amended motion for new trial. Following the order on his amended motion for new trial, either party may file a notice of appeal, and upon the filing of such notice of appeal, the case (with the complete record and transcript) may be transmitted to this Court for redocketing. See generally *Mitchell v. State*, 280 Ga. 802 (2) (633 SE2d 539) (2006).

2. In light of Division 1, we need not address Brock's remaining enumerated errors (that his conviction was the result of a compromise verdict, that there was insufficient evidence to support his conviction and that the trial court abused its discretion in denying his motion for new trial) at this time.

*Judgment reversed in part, vacated in part and case remanded. Barnes, P. J., and Brown, J., concur.*