A06A2301. ODUM v. THE STATE.
(641 SE2d 279)

MILLER, Judge.

In August 2005, Johnnie L. Odum was arrested on charges of attempted murder, aggravated assault, aggravated battery, and cruelty to children. Prior to Odum's trial, the public defender assigned to represent Odum filed a motion to withdraw as his counsel. Odum appeals the trial court's denial of that motion. Finding that the trial court erred in denying defense counsel's motion to withdraw, we reverse.

Following his arrest, Odum applied to the Atlantic Judicial Circuit Public Defender's Office for the appointment of a public defender to represent him. After determining that Odum was indigent, the public defender's office undertook Odum's representation. Odum was indicted in November 2005 and pled not guilty to all charges.

At a bond hearing held in March 2006, Odum repeatedly stated that he was dissatisfied with the efforts of Kathleen Jennings, the assistant public defender appointed to represent him. After that hearing, two different attorneys from the public defender's office

attempted to assume Odum's defense. Odum, however, refused to meet with these attorneys.

On April 4, 2006, Odum filed a lawsuit against Jennings and her office in federal court, seeking relief under 42 USC § 1983. Jennings subsequently filed a motion under Uniform Superior Court Rule (USCR) 4.3, on behalf of herself and the public defender's office, seeking to withdraw as Odum's counsel on the grounds that Odum's lawsuit against her and her office created a nonwaivable conflict of interest. Following a hearing on that motion, the trial court denied the same and issued a certificate of immediate review. This Court granted Odum's application for interlocutory appeal, and this appeal followed.

This case requires us to interpret, for the first time, OCGA § 17-12-22, which became effective on January 1, 2005. Odum argues that this statute divests a trial court of discretion to decide whether a public defender may withdraw from a case because of a conflict of interest. Rather, Odum asserts that once a public defender identifies a conflict of interest with a client, OCGA § 17-12-22 obligates that public defender to refer the case to the conflict public defender and notify the trial court of a substitution of counsel. Alternatively, Odum asserts that even if the trial court has the authority to decide such a motion, the denial of the motion in this case constituted an abuse of discretion. While we decline to adopt Odum's interpretation of the statute at issue, we nevertheless find that the trial court abused its discretion in denying counsel's motion to withdraw.

The interpretation of OCGA § 17-12-22 is a question of law, and the rules of statutory construction require us to give words their plain and ordinary meaning. *Simon Property Group v. Benson*, 278 Ga. App. 277, 281 (628 SE2d 697) (2006). We therefore "owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review. [Cit.]" *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000). We review the trial court's denial of the motion to withdraw for abuse of discretion. *Rouse v. State*, 275 Ga. 605, 609 (9) (571 SE2d 353) (2002).

OCGA § 17-12-22 was passed as part of the Indigent Defense Act of 2003, OCGA § 17-12-1 et seq. (the "IDA"). Prior to the passage of this Act, trial courts exercised considerable control over the indigent defense process, including the appointment of counsel to represent indigent defendants. See former OCGA § 17-12-4 et seq. (2002). Following the passage of the IDA, however, public defender offices were established in each judicial circuit of the State. Defendants charged with felonies now apply directly to these offices, rather than to the trial court, for indigent representation. See OCGA §§ 17-12-20; 17-12-27 et seq.

1. Odum argues that a necessary implication of the IDA's removal of the trial court's power to appoint attorneys in indigent cases is that it also transferred to the circuit public defenders' offices the independent authority to determine when a conflict of interest prevents that office from representing a certain individual. We disagree.

Odum cites OCGA § 17-12-22, which provides:

(a) The council[1] shall establish a procedure for providing legal representation in cases where the circuit public defender office has a conflict of interest. This procedure may be by appointment of individual counsel on a case-by-case basis or by the establishment of a conflict defender office in those circuits where the volume of cases may warrant a separate conflict defender office.

. . .

(c) The circuit public defender shall establish a method for identifying conflicts of interest at the earliest possible opportunity.

Under Odum's interpretation of this language, a trial court is barred from independently evaluating the evidence to determine the existence of a conflict that served as the basis for a motion to withdraw. Thus, USCR 4.3, which vests the trial judge with the discretion to grant or deny defense counsel's motion to withdraw, would not apply to such cases. If OCGA § 17-12-22 conflicted with USCR 4.3, the statute would control. In this case, however, no such conflict exists.

The underlying goal of OCGA § 17-12-22 is to facilitate the identification of conflicts before the public defender undertakes the representation of a client. In such situations, the public defender's office is the sole arbiter of whether such a conflict exists. Where a conflict does not arise or is not discovered until after the representation has begun, however, we find nothing in the statute that would impact the trial court's authority to decide whether that conflict should permit defense counsel's withdrawal from the case. As noted above, OCGA § 17-12-22 was enacted as part of a statutory scheme designed to establish and govern public defender's offices. To that end, this statute, like the majority of the IDA, addresses the obligations of the public defenders' offices to identify and avoid conflicts of interest. Given that OCGA § 17-12-22 governs the conduct of public

---

[1] The term "council" refers to the Georgia Public Defender Standards Council, which the IDA established as "an independent agency within the judicial branch of state government." OCGA § 17-12-1 (b).

defenders' offices, we decline to construe it as affecting the trial courts' authority to apply their procedural rules.

To interpret OCGA § 17-12-22 in derogation of the trial courts' procedural rules would grant defendants and defense counsel significant control over the judicial system. Defense counsel would no longer be required to raise conflict of interest issues in a timely fashion. A defendant could indefinitely delay trial by filing a federal lawsuit against every attorney appointed to represent him. The defendant could not go to trial without counsel, and yet the trial court would be powerless to prevent the succession of withdrawals sure to follow such a manufactured conflict of interest. The fair and efficient operation of our court system, therefore, demands that trial courts remain free to explore, when necessary, "the adequacy of the basis of defense counsel's representations regarding a conflict of interest." *Holloway v. Arkansas*, 435 U. S. 475, 487 (98 SC 1173, 55 LE2d 426) (1978).

2. Odum asserts that even if the trial court has the authority to determine when a conflict of interest prevents a public defender from representing an indigent defendant, the trial court abused its discretion in denying Jennings' motion to withdraw. We agree.

The trial court appeared to find that because Odum's lawsuit had not yet been served on the public defender's office, there was no actual conflict of interest that would prevent that office from representing Odum. This rationale, however, ignores the fact that, if raised pretrial, a potential conflict of interest is sufficient to bar that representation. Georgia Rule of Professional Conduct 1.7 prohibits a representation involving a potential conflict of interest unless and until the attorney has disclosed the potential conflict, in writing, to his client and thereafter received the client's written consent to undertake or continue that representation. The principles underlying this Rule should not be discounted in a criminal proceeding, where the Sixth Amendment right to the effective assistance of counsel is involved. See *Turner v. State*, 273 Ga. 340, 342 (2) (a) (541 SE2d 641) (2001) ("Included within the constitutional right to counsel is the right to representation that is free from conflicts of interest. [Cits.]").

Moreover, USCR 4.3 provides that an attorney's request to withdraw from a case, for any reason, "will be granted unless in the judge's discretion to do so would delay the trial of the action or otherwise interrupt the orderly operation of the court or be manifestly unfair to the client." Id. Applying this standard, we find that the trial court's denial of Jennings' motion to withdraw constituted an abuse of discretion. There was no evidence that referring Odum's defense to the conflict public defender's office would delay trial or

"interrupt the orderly operation of the court." There was, however, a significant risk that denying the motion would be manifestly unfair to Odum.

Based on the foregoing, we find that the trial court erred in denying the motion of the Atlantic Judicial Circuit Public Defender's Office to withdraw its representation of Odum. Consequently, we reverse and remand to the trial court with direction to issue an order allowing the Atlantic Judicial Circuit Public Defender's Office to withdraw from its representation of Odum.

*Judgment reversed and case remanded with direction. Johnson, P. J., and Ellington, J., concur.*

DECIDED JANUARY 19, 2007.

*Craig T. Pearson*, for appellant.
*Tom Durden, District Attorney*, for appellee.