A10A1305. FORD v. THE STATE.
(703 SE2d 71)

BARNES, Presiding Judge.

Following a bench trial, Karen Ford appeals her conviction for three counts of cruelty to animals. She contends that the trial court erred in denying her motion to dismiss the accusation and that the evidence was insufficient. Upon our review, we affirm.

The Chatham County District Attorney filed an accusation

against Ford charging her with three counts of cruelty to animals on June 19, 2007, for causing "the unjustifiable physical pain or suffering of a dog by an act or omission to wit by failing to provide adequate food or water or medical care." Ford demurred to the accusation, and the trial court denied the motion. The order denying the motion is not included in the record; however, the transcript of what was designated as a court "announcement" contained an acknowledgment from the trial court that the motion was denied. On October 6, 2009, following a bench trial, Ford was found guilty and sentenced to one year of probation and 200 hours of community service.

1. Ford first contends that the accusation was fatally defective in that it lacked specificity, and thus subjected her to double jeopardy. She argues that the accusation was intrinsically defective because all of the counts were worded identically and thus it is uncertain as to whether she is being charged with abusing three separate dogs or the same dog three separate occasions. Ford also argues that the accusation lacked "legal specificity" because the individual counts do not identify which "dog" she is accused of treating cruelly. We do not agree.

> The true test of the sufficiency of an indictment or accusation or citation is not whether it could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

(Citation and punctuation omitted.) *Ross v. State*, 235 Ga. App. 7, 8 (508 SE2d 424) (1998). "As long as the defendant is informed of the charges against [her] so that [s]he may present [her] defense at trial and not be surprised by the evidence against [her], as well as protect against another prosecution for the same offense, the [accusation] is sufficient." (Punctuation omitted.) *Wade v. State*, 223 Ga. App. 222, 224 (477 SE2d 328) (1996); see OCGA § 17-7-71 (c) ("Every accusation which states the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury shall be deemed sufficiently technical and correct.").

OCGA § 16-12-4 (b), provides in pertinent part: "A person commits the offense of cruelty to animals when he or she causes death or unjustifiable physical pain or suffering to any animal by an

act, an omission, or willful neglect." The three counts of the accusation each charged that Ford caused "the unjustifiable physical pain or suffering of a dog by an act or omission to wit by failing to provide adequate food or water or medical care" on a certain date.

In *Smith v. State*, 160 Ga. App. 26 (285 SE2d 749) (1981), we found that the accusation was sufficient in that it "identified the animals by species or breed and by location, and distinguished between similarly described animals on the basis of living and dead animals. The misconduct by appellants and the harm caused by that conduct was set out in each count." Id. at 28 (3). Likewise in *Sirmans v. State*, 244 Ga. App. 252 (534 SE2d 862) (2000), we found that the trial court did not err in overruling the special demurrer because

> [t]he accusation identified the animals by species . . . and distinguished between similarly described animals on the basis of living and dead animals. [Also,] [t]he misconduct by Sirmans was set out in each count. It strains credulity to assert that Sirmans did not know the specific offense with which he was charged or that such language does not allege criminal misconduct. Overly technical niceties of pleading are no longer required so long as the accusation is sufficient to be easily understood by the jury or is substantially in the language of the statute. Thus an accusation is sufficient if it charges the commission of an offense in plain terms and the nature of the offense is sufficiently described to permit both the accused and the jury to understand the crime charged in the accusation.

(Punctuation omitted.) Id. at 256 (5). In *Military Circle Pet Center No. 94 v. State*, 181 Ga. App. 657, 658 (1) (a) (353 SE2d 555) (1987), reversed on other grounds, *State v. Military Circle Pet Center No. 94*, 257 Ga. 388 (360 SE2d 248) (1987), we reversed the denial of a special demurrer, holding that "when the definition of an offense includes generic terms, the accusation must state the species of the act charged and must descend to particulars." In that regard, we found that the use of the term "neglect" in an accusation alleging cruelty to animals was too generic, and the accusation must assert the manner in which the defendants were negligent such as failure to provide adequate food and water or physical abuse.

Although Ford argues that the accusation as written could subject her to double jeopardy because she could face prosecution for the same crime again because the animals are not identified, the accusation clearly specified that the acts were committed "on or about the 19th day of June 2007," and that the dogs were deprived of food, water, and medical care. Morever, pictures of the subject dogs

were introduced at trial. Even were the accusation couched in more descriptive terms such as the breed or color as argued by Ford, the same issue as to the uniqueness of the dog would be present because color and breed, while identifying characteristics, are not unique to a specific dog.

2. Ford also contends that the trial court erred in denying her motion for a directed verdict because the circumstantial evidence was insufficient to sustain her conviction as the evidence did not establish that she had a duty to feed or water the dogs. She acknowledges that the trial transcript is not included with the record. However, Ford appears to argue that the record before the court, including briefs submitted to the trial court in support of her directed verdict motion and the police report, is adequate for this Court to make a sufficiency determination.

OCGA § 5-6-41 (g) provides:

> Where a trial is not reported as referred to in subsections (b) and (c) of this Code section or where for any other reason the transcript of the proceedings is not obtainable and a transcript of evidence and proceedings is prepared from recollection, the agreement of the parties thereto or their counsel, entered thereon, shall entitle such transcript to be filed as a part of the record in the same manner and with the same binding effect as a transcript filed by the court reporter as referred to in subsection (e) of this Code section. In case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review; and, if the trial judge is unable to recall what transpired, the judge shall enter an order stating that fact.

Here, it is clear that Ford's trial was not transcribed, and it does not appear from the record that Ford or her appointed attorney requested that the trial be transcribed. The record includes two letters from her attorney to the court reporter requesting the trial transcript. Trial counsel averred that the court reporter later told him that "he could find no recordings of the trial and sentencing of Karen Ford."

On December 3, 2009, Ford filed a "motion to perfect the record for purposes of appeal OCGA § 5-6-41" requesting a hearing to perfect the record because of the missing trial transcript. At the hearing, trial counsel requested that he be allowed to "get a couple of things on the record from [Ford]," and the trial court advised him that he could not make a record of the facts from the trial merely by stating them during the hearing. The trial court further advised Ford

that "[i]f you and [the State] can agree as to what was said, that's fine," but that he would not allow "Ford to get on the stand today and give any testimony regarding the evidence." The parties then discussed the absence of a trial transcript, and the trial court informed Ford that it was his custom to have "a tape that plays. But, if you want something recorded, then it's the obligation and responsibility of whoever wants its recorded. . . ." After further discussion about the missing recording, trial counsel responded, "Alright sir. Then I think the record, as I see it right now, stands perfected. . . ."

Ford made no further attempt to avail herself of the right to reconstruct the record under OCGA § 5-6-41 (g). Regarding Ford's contention that the brief filed with the trial court in support of her directed verdict motion was substantive evidence, "[f]acts alleged in briefs but unsupported by evidence in the record cannot be considered on appeal." *In re Ray*, 248 Ga. App. 45, 46 (2) (545 SE2d 617) (2001).

Thus, "[t]here being no transcript of the trial, we are bound to assume that [Ford's convictions were] supported by sufficient evidence." *Goodwin v. State*, 251 Ga. App. 549, 551 (2) (554 SE2d 317) (2001).

3. Absent a trial transcript, we also find no merit to Ford's remaining enumerations of error.

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 27, 2010.

*Nicholas Pagano*, for appellant.
*Larry Chisolm, District Attorney, Timothy W. Ruffini, Assistant District Attorney*, for appellee.