**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 8, 2016**

# In the Court of Appeals of Georgia

A15A1735. ROBERSON v. THE STATE.

BRANCH, Judge.

Necole "Nick" Roberson appeals her conviction and sentence of misdemeanor family-violence simple battery arising out of an altercation with her son during which Roberson injured her son by throwing a pot of boiling water at him. See OCGA § 16-5-23.1 (f).

The record shows that Roberson pled not guilty, filed a request to be represented by an attorney, and averred that she was indigent and could not afford an attorney. A public defender was appointed to represent her, and the case proceeded to trial. On March 26, 2014, a jury found Roberson guilty of the charge, and on April 24, 2014, the court entered the conviction and sentenced Roberson to twelve months, with 30 days confinement suspended upon proof of an evaluation by a licensed

psychiatrist and the balance on probation. On April 29, 2014, Roberson filed her notice of appeal together with an affidavit of poverty in which she asserted that on account of her poverty she was "unable to pay the fees and costs normally required." The notice of appeal did not indicate, however, that any transcripts would be filed, and no trial transcript has been included in the appellate record before us.

On September 8, 2014, Roberson moved in the trial court to obtain a transcript of the trial without charge on the ground that she was indigent and did not have sufficient funds to pay for a transcript in order to appeal. In response to the motion, the court expressed concern about Roberson's financial status, indicating that "during the trial Ms. Roberson testified that she had recently moved into a nice house." The court therefore asked for proof or evidence of [Roberson's] indigence before approving transcription at the expense of the Court." On April 22, 2015, following a hearing on the matter, the trial court denied the motion as follows:

> Based upon testimony presented during the trial of the case before this Court, the Court had doubts as to Defendant's indigence and requested evidence of same prior to providing the transcript at the Court's expense. Defense having failed to provide any such evidence either at the hearing or thereafter, despite specific requests by the Court and very specific direction as to what evidence might suffice, and despite the

Court's agreement to withhold ruling pending submission of any such evidence, the motion is hereby DENIED.

The appellate record does not include a transcript of the hearing on the motion for a trial transcript.

Roberson contends the trial court erred (1) by excluding evidence of prior difficulties between Roberson and her son; (2) by excluding evidence of her son's prior acts of violence against a third party; and (3) by denying her motion for a transcript free of charge.[1]

1. We first address the denial of Roberson's motion for a trial transcript without charge for purposes of appeal, which concerned the question of Roberson's indigence.

"The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final." OCGA § 9-15-2 (a) (2); see *Penland v. State*, 256 Ga. 641, 641 (352 SE2d 385) (1987) (upholding constitutionality of this rule of

---

[1] Although we do not condone the State's failure to timely file its appellate brief, this Court is not required to refuse to consider an untimely brief nor hold the late-filing party in contempt. See Court of Appeals Rule 23 (b) ("Failure to timely file *may* result in non-consideration of the brief and *may* subject counsel to contempt.") (emphasis supplied); see, e.g., *Carter v. State*, 267 Ga. App. 520, n. 1 (600 SE2d 637) (2004) (appellant's motion to dismiss State's brief as untimely and to hold State in contempt was denied).

finality on questions of indigence in a criminal case, including for the purpose of obtaining a copy of a trial transcript at government expense). Accordingly, the trial court's decision regarding Roberson's ability to pay for a trial transcript is affirmed.

Roberson contends this rule and recent precedent[2] overlooks OCGA § 17-12-24 (a), which is part of the Georgia Indigent Defense Act of 2003 (the "IDA"). That Code section provides that the decision whether an arrested person is indigent for the purpose of obtaining representation by an attorney under the IDA rests with the public defender's office:

> The circuit public defender, any other person or entity providing indigent defense services, or the system established pursuant to Code Section 17-12-80 shall determine if a person or juvenile arrested, detained, or charged in any manner is an indigent person entitled to representation under this chapter.

---

[2] Recent case law holds that "[t]he determination of whether a defendant is indigent . . . lies within the discretion of the trial court, and this determination is not subject to review"; furthermore, "[w]e will not look behind the court's determination of indigence." *Breazeale v. State*, 290 Ga. App. 632, 636 (8) (660 SE2d 376) (2008) (punctuation and footnotes omitted); *Thomas v. State*, 297 Ga. App. 416, 420 (3) (677 SE2d 433) (2009); *Patel v. State*, 283 Ga. App. 181, 183 (1) (641 SE2d 184) (2006); see also *Leavell v. State*, 331 Ga. App. 304, 305 (771 SE2d 48) (2015) ("Whether a defendant is indigent is a matter for the trial court's discretion.") (citation omitted).

4

OCGA § 17-12-24 (a). Thus, as this Court has held, a trial court now lacks the authority to rule on motions for appointment of counsel; such motions should be directed to the circuit public defender office instead. *Bynum v. State*, 289 Ga. App. 636, 637 (658 SE2d 196) (2008). As this Court has explained,

> Prior to the passage of [the IDA], trial courts exercised considerable control over the indigent defense process, including the appointment of counsel to represent indigent defendants. See former OCGA § 17-12-4 et seq. (2002). Following the passage of the IDA, however, public defender offices were established in each judicial circuit of the State. Defendants charged with felonies now apply directly to these offices, rather than to the trial court, for indigent representation. See OCGA §§ 17-12-20; 17-12-27 et seq.

*Odum v. State*, 283 Ga. App. 291, 292 (641 SE2d 279) (2007); see, e.g., *Calmes v. State*, 312 Ga. App. 769, 774 (3) (719 SE2d 516) (2011) (circuit public defender denied defendant's request for new appellate counsel).

Roberson argues that with regard to whether she was entitled to a trial transcript free of charge, the trial court was required to accept the public defender's determination that Roberson was indigent. As a part of her argument, Roberson asserts that the public defender's office re-interviewed her after trial and determined that she was still indigent. For the reasons shown below, we disagree that the trial

5

court was required as a matter of law to follow the public defender's determination of indigence, and we hold that Roberson has not shown that the trial court abused its discretion when making its own determination on the matter.

The interpretation of the IDA, like all other statutes, is a question of law, "and the rules of statutory construction require us to give words their plain and ordinary meaning." *Odum*, 283 Ga. App. at 292 (citation omitted). Our review shows that nothing in the IDA provides that the public defender office's determination regarding a defendant's status as indigent for the purpose of representation automatically applies to a determination of indigence for the purpose of requiring the county to provide an appellate transcript free of charge to an indigent defendant. In fact, transcripts are not specifically mentioned at any place in the IDA. And although the IDA requires the Georgia Public Defender Standards Council[3] to pay the costs of defense for an indigent defendant, this Court has already held that the cost of a trial transcript is not a cost of providing a defense under IDA and is to be borne, therefore, by the county. *Ga. Pub. Defender Standards Council v. State*, 284 Ga. App. 660, 664

---

[3] The Georgia Public Defender Council, established by IDA as an independent agency within the executive branch of state government, is responsible "for assuring that adequate and effective legal representation is provided, independently of political considerations or private interests, to indigent persons who are entitled to representation under this chapter." OCGA § 17-12-1.

(2) (644 SE2d 510) (2007) ("Payment for these transcripts is an obligation of the State, and our law requires that the counties pay for transcripts.") (citation and footnotes omitted). Thus, although the IDA provides that the public defender offices established by the IDA are required to determine whether a defendant is indigent for the purpose of providing a defense, that determination does not control a county's obligation to provide an appellate transcript. Cf. *Mitchell v. State*, 280 Ga. 802 (1) (633 SE2d 539) (2006) ("The right to a free transcript arises regardless of whether the indigent defendant was represented by retained counsel at the time of the trial court proceeding for which the transcript is sought.") (citation omitted). And because the IDA does not pertain to a determination of indigence for the purpose of providing a transcript free of charge to indigent defendants, it follows that the trial court retains discretion, as described above, to determine whether a defendant is indigent for the purpose of holding a county responsible for the cost of a transcript.[4]

---

[4] It follows that it is not necessary to overrule any of the cases cited in Note 2 of this opinion.

Here, because the court was concerned that Roberson's indigent status was suspect, the court held an evidentiary hearing, as it was authorized to do,[5] on whether Roberson was entitled to a trial transcript at county expense. As shown above, that decision is not subject to review and is therefore affirmed.

2. Because Roberson's remaining enumerations of error depend upon information contained in the trial transcript, which Roberson has failed to provide or to provide a meaningful subsitute, Roberson cannot show any error on those claims as well. *Ford v. State*, 306 Ga. App. 606, 610 (3) (703 SE2d 71) (2010).

*Judgment affirmed. Andrews, P. J., concurs. Miller, P. J., concurs in judgment only*.

---

[5] "In the absence of a traverse affidavit contesting the truth of an affidavit of indigence, the court may inquire into the truth of the affidavit of indigence. After a hearing, the court may order the costs to be paid if it finds that the deposit, fee, or other costs can be paid and, if the costs are not paid within the time permitted in such order, may deny the relief sought." OCGA § 9-15-2 (b).